```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

FREDERICK HALL,                 :
                                : NO. 1:02-CV-00034
    Petitioner,                 :
                                :
                                :
  v.                            : **OPINION AND ORDER**
                                :
                                :
HARRY K. RUSSELL,               :
                                :
    Respondent                  :
                                :

       This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 19), and Petitioner's Objections (doc. 20).

**I.  Background**

       On October 17, 1999, an assailant in a car shot Johann Hart and Kevin Davis on the corner of Fourteenth and Republic Streets in Cincinnati, Ohio (doc. 19). Police responded to the scene, obtained a license number from witnesses, and tracked down Petitioner (Id.). Petitioner claimed that a passenger in his car shot Hart and Davis, though at trial the two victims identified Petitioner as the shooter, and stated he was alone in the vehicle, which was stationary (Id.). Two other witnesses provided statements to the police as well, Lolita Moore, and Jimmie Martin, but their statements were not provided to the defense (Id.). Moore's statement indicated she saw three young men, none of whom resembled Petitioner, in the perpetrator's car, which was moving

(Id.). Martin's statement was ultimately lost or destroyed (doc. 20).

Petitioner's first trial ended in a mistrial, but in a second trial, in August 1999, a jury found Petitioner guilty on two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(1), two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(2), two counts of attempted murder as defined in Ohio Rev. Code § 2923.02(A) and one count of failure to comply as defined in Ohio Rev. Code § 2921.33 (doc. 19). On January 16, 2002, Petitioner Frederick Hall ("Hall") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner contends he was deprived of due process of the law when the state did not provide exculpatory statements from eyewitnesses who did not testify at trial (Id.). In Petitioner's second ground for relief, he argues his sentence for felonious assault and attempted murder violates the Double Jeopardy Clause (Id.) Petitioner alleges in his third ground for relief that he was deprived of effective assistance of counsel (Id.). On May 6, 2002, Respondent filed a Return of Writ, asking the Court to deny each of Petitioner's grounds for relief (doc. 10). On May 29, 2002, Petitioner filed a Traverse to Respondent's Answers asking the Court to issue a conditional writ of habeas corpus, ordering Petitioner's release if he is not timely granted a new trial by the State courts (doc. 13).

The Magistrate Judge issued a Report and Recommendation on March 23, 2004, recommending that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied with prejudice (doc. 19). The Magistrate Judge further recommended that a certificate of appealability not be issued, and that Petitioner be denied leave to proceed on appeal in forma pauperis (Id.). On April 6, 2004, the Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation (doc. 20). This matter is therefore ripe for the Court's consideration.

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge rejected each of the three grounds of Petitioner's petition for a writ of habeas corpus (doc. 19). As for Petitioner's first ground for relief, the Magistrate Judge found the State's withholding of two eyewitness statements, those of Lolita Moore and Jimmie Martin, did not violate Brady v. Maryland, 373 U.S. 83 (1963)(Id.). The Magistrate Judge found that Ms. Moore's statement was not material because there was no reasonable probability that the result of the trial would have been different had the evidence been disclosed to the defense, in light of the substantial evidence of Petitioner's guilt (Id.). The Magistrate Judge further found there was no evidence on the record concerning the statement of Mr. Martin, and Petitioner has not demonstrated that the statement was either favorable to the defense or material to the outcome of the case (Id.).

As for Petitioner's second ground for relief, the Magistrate Judge reviewed controlling Ohio law and found that the offenses of felonious assault and attempted murder are of dissimilar import and therefore properly give rise to separate convictions (Id.). The Magistrate Judge similarly found no merit to Petitioner's claim for ineffective assistance of counsel, after conducting an analysis of each claim under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984)(Id.).[1]

### III. Petitioner's Objection to the Magistrate Judge's Report and Recommendation.

On April 6, 2004, Petitioner filed an Objection to the assigned Magistrate Judge's Report and Recommendation, challenging the Magistrate Judge's conclusion that the States' withholding of exculpatory eyewitness statements did not violate Brady v. Maryland, 373 U.S. 83 (1963)(doc. 20). In addition, Petitioner objects to the assigned Magistrate Judge's recommendation that his petition be denied with prejudice, that a certificate of appealability should not be issued, that any appeal of any Order

---

[1] Petitioner had argued that his counsel was ineffective for failing to object to: 1) the prosecutor's statements in closing argument concerning Petitioner's disposal of the gun, 2) the trial court's failure to merge the felonious assault and murder counts pertaining to Johann Hart, 3) the introduction of evidence of Petitioner's convictions which were older than ten years, and 4) the trial court's denial of Petitioner's motion for a new trial without a hearing (doc. 19). Petitioner raises no objection to the Magistrate Judge's findings on these issues, and the Court finds the result of the Magistrate Judge's analysis correct. Having reviewed the record the Court finds no basis for the second or third grounds for relief in Petitioner's petition.

adopting the Report and Recommendation not be taken in good faith, and that he should be denied leave to proceed in forma pauperis (Id.).

Petitioner targets his Objection to the Magistrate Judge's findings as to his first ground of relief, concerning the statements of witnesses Moore and Martin (Id.). Petitioner argues that the Magistrate Judge's analysis of the materiality of Moore's statement is deeply flawed (Id.). Petitioner argues that Moore's statement that she saw three young men, none of whom resembled Petitioner, is bolstered by her testimony that the vehicle was moving (Id.). Petitioner argues that two of the shell casings at the scene were found 30-35 feet apart, a fact that correlates with Moore's statement but not with the statements of the state's witnesses, who testified the car was stationary (Id.). Petitioner contends that the Magistrate Judge failed to attach appropriate weight to the fact that the evidence against Petitioner was so equivocal that the jury could not reach a verdict the first time the State tried the case (Id.). Petitioner argues the Report and Recommendation only gives passing consideration to the fact that the jury heard no eyewitness testimony suggesting there were three individuals, none of whom resembled Petitioner (Id.). The fact that the first jury could not even arrive at a verdict, contends Petitioner, is evidence that Ms. Moore's statement could have changed the outcome of the trial (Id. citing Castleberry v.

Brigano, 349 F.3d 286, 294 (6th Cir. 2003)("[T]he question is not whether the State would have had a case to go to the jury if it had disclosed the favorable evidence, but whether we can be confident that the jury's verdict would have been the same")(citing Jamison v. Collins, 291 F.3d 380 (6th Cir. 2002).

  Petitioner next argues that the Magistrate Judge erred in finding that because there is no record evidence of Martin's statement, Petitioner cannot cite the withholding of such statement as the basis for a claim under Brady v. Maryland, 373 U.S. 83 (1963)(Id.). Petitioner argues the reason there is no record evidence of such statement is that such evidence was destroyed by the Cincinnati Police Department or the Hamilton County Prosecutor's Office (Id.). Petitioner alleges that such destruction occurred after Petitioner had raised the issue of the State's failure to provide the statements at trial, and therefore such destruction could constitute bad-faith destruction of evidence in violation of Arizona v. Youngblood, 488 U.S. 51 (1988).

**IV. Discussion**

  Having reviewed this matter, the Court does not find the grant of a writ to Petitioner appropriate at this time. However, out of an abundance of caution, in the light of Jamison v. Collins, 291 F.3d 380 (6th Cir. 2002), the Court finds a remand of this matter appropriate so as to determine whether the evidence withheld, the written statement of Ms. Lolita Moore, and the

destroyed statement of Jimmie Martin, could undermine confidence in the jury's verdict. In the Jamison case, the prosecution indicated to the defendant prior to trial that it had no exculpatory evidence, but after trial, during discovery granted in the context of the defendant's post-conviction challenge, exculpatory evidence came to light. 291 F.3d 380, 384. The Sixth Circuit found the evidence was favorable to the defendant, was suppressed by the prosecution, and that defendant was prejudiced by such suppression. Id. at 391-92. Consequently, the Sixth Circuit affirmed the district court's grant of the writ of habeas corpus unless the state would initiate a new trial. Id. at 392. In the case at bar, the first jury could not even arrive at a verdict. In such circumstances, potentially exculpatory evidence might undermine confidence in the final verdict.

The suppression of evidence favorable to the accused can be sufficient to amount to a denial of due process. Brady v. Maryland, 373 U.S. 83 (1963). In this case, the fact that Ms. Moore's statement could reasonably lead a trier of fact to believe that there were other perpetrators involved in the shooting, depending on the credibility the trier of fact would attach to her statement, such statement could fall within the scope of Brady.

As for Petitioner's Objection concerning the destruction of Mr. Martin's statement, the most Petitioner can gain is an inference in his favor, which the jury could have rejected. Under

<u>Arizona v. Youngblood</u>, unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. 488 U.S. 51, 57 (1988). Petitioner argues that in this case the destruction of the evidence occurred after the statement had been made an issue in this case. In this situation, the Court finds appropriate an inquiry into the circumstances surrounding the destruction of the evidence. See <u>United States v. Bunnell</u>, 2002 U.S. Dist. LEXIS 8319, Crim. No. 02-13-B-S, *9 (Dist. Maine, May 1, 2002). Should such inquiry result in evidence that Petitioner was intentionally deprived of evidence in his favor, Petitioner is entitled to an inference in his favor. Should such inference and/or a positive credibility determination as to Moore's statement result in a finding that confidence in the jury's verdict is undermined, Petitioner should be entitled to another trial. <u>Jamison v. Collins</u>, 291 F.3d 380 (6th Cir. 2002). Absent such an inquiry, the Court cannot certify that an appeal of an Order affirming the Report and Recommendation would not be taken in good faith.

Accordingly, for the above reasons, the Court hereby finds Petitioner's Objections well-taken (doc. 20), REJECTS that portion of the Magistrate Judge's Report and Recommendation pertaining to Petitioner's first ground for relief (doc. 19), and REMANDS this case to the Magistrate Judge for an evidentiary

hearing in accordance with this Order.


       SO ORDERED.


Dated: October 11, 2005      /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge