UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Frederick Hall, | : | |
| | : | Case No. 1:02-cv-00034 |
| Petitioner, | : | |
| | : | Judge Spiegel |
| v. | : | |
| | : | Magistrate Judge Black |
| Harry K. Russell, Warden,[1] | : | |
| | : | |
| Respondent. | : | |

**RESPONDENT'S MOTION FOR RELIEF FROM
THE COURT'S ORDER OF OCTOBER 11, 2005**

Respondent, by and through counsel, moves for relief from this Court's Order of October 11, 2005, pursuant to Fed. R. Civ. P. 60(b)(6), based upon the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) ("AEDPA"), which severely restricted the availability of an evidentiary hearing. Support for this motion is set forth in the attached memorandum.

    Respectfully submitted,

    JIM PETRO (0022096)
    Attorney General


    s/Jerri L. Fosnaught
    JERRI L. FOSNAUGHT (0077718)
    Assistant Attorney General
    Corrections Litigation Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    (614) 644-7233
    FAX: (614) 728-9327
    jfosnaught@ag.state.oh.us

    Counsel for Respondent

---

[1] Hall is currently incarcerated in the Lebanon Correctional Institution. Ernie Moore is the Warden of that institution and as such is the proper party Respondent.

**MEMORANDUM IN SUPPORT**

Respondent, based upon the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) ("AEDPA"), respectfully moves for relief from this Court's Order of October 11, 2005, remanding this case for an evidentiary hearing. (Doc. #22.) This Court found that "out of an abundance of caution, "in the light of *Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002), . . . a remand of this matter [is] appropriate so as to determine whether the evidence withheld, the written statement of Ms. Lolita Moore, and the destroyed statement of Jimmie Martin, could undermine confidence in the jury's verdict." (Doc. #22, Opinion and Order at 6.) For the reasons that follow, an evidentiary hearing is not appropriate in this case.

First, the issue in this federal habeas proceeding is whether the state court's adjudication of Hall's claims resulted in a violation of his Constitutional rights. 28 U.S.C. § 2254. Respondent believes that this Court can make its determination based on the state court record and that an evidentiary hearing is not necessary. Second, Hall has not shown that he is entitled to an evidentiary hearing. Moreover, this Court's reliance on *Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002) is misplaced because the AEDPA, which is applicable to this case, severely restricted the availability of an evidentiary hearing, whereas in *Jamison*, the Sixth Circuit specifically noted that the AEDPA was not applicable to Jamison, whose petition was filed in 1994. *Id.* at 384.

**A.  The State Court Record Is Sufficient to Resolve Any Factual Dispute.**

In this case, the state court record is sufficient to resolve any factual dispute, and it is not necessary to hold an evidentiary hearing. The Magistrate Judge reviewed the state court record regarding Hall's first ground for relief, applied the proper standard set forth in the AEDPA, gave the appropriate deference to the state court factual determinations, and found that the decision of the Ohio Court of Appeals affirming the ruling of the trial court denying petitioner's motion for a

new trial was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Brady* and was not unreasonable in light of the record evidence:

> The Ohio Court of Appeals held that the trial court did not abuse its discretion in denying petitioner's motion for a new trial based on the state's failure to turn over the allegedly exculpatory statements by Ms. Moore and Mr. Martin. The Court ruled:
>
>> Hall contends that the police and prosecution failed to turn over exculpatory statements material to his innocence. In support of his motion, Hall attached the affidavit of Lolita Moore. In the affidavit, Moore stated that there were three persons in the Honda Accord, which would have supported Hall's theory of the case. Additionally, Hall claims that Moore and another witness, James Martin, gave written statements to the police that should have been turned over to Hall because they were exculpatory. Hall also claims, correctly, that Moore and Martin were subpoenaed by both the state and the defense, and that neither witness appeared at trial. It was only after the second trial and prior to sentencing that Moore was located by Hall's counsel.
>>
>> Based upon Moore's affidavit, we hold that her testimony would not have been exculpatory, but would have been cumulative evidence regarding the conflicting identification of the number of persons inside the Honda Accord and the identification of Hall as the driver of that vehicle. Moore was listed as a witness by the state, was subpoenaed by both parties, but was not called to testify by either party. Since Hall failed to call Moore as a witness, to seek a continuance, or to proffer Moore's expected testimony, Hall cannot claim that the discovery of this witness provided the basis for a new trial.
>
> (Doc. 10, Ex. 3 at 5-6).
>
> In her affidavit, Ms. Moore stated that there were three African American persons in the Honda Accord and that they were young boys or men in their early twenties. (Doc. 11, Attachment, Affidavit of Lolita Moore). She further indicated that she gave the license number of the car to police and that she and Jimmie, another witness, went to the District One station where they both signed written statements. (*Id.*). Respondent was unable to locate statements made by Ms. Moore or Mr. Martin in the case files of the police or prosecution. (Doc. 17). Police Officer Fromhold, who was dispatched to the scene, does recall talking to Ms. Moore upon his arrival. (Doc. 7, Tr. 212).
>
> During the trial, the defense introduced through a police officer,

documentation of various calls to the police concerning this shooting, which included reports that there were three persons in the perpetrator's car, that the suspect was in his late teens or early twenties, and clean shaven. (Doc. 8, Tr. 390-392; *see* Doc. 7, Tr. 190, 211). Apparently, petitioner was in his forties at the time of the trial and had a beard. (Doc. 11 at 3, n.1; Doc. 8, Tr. 333, 484). Petitioner testified that he was asleep at home during the time of the crime and that he had hurt his arm and could not drive. (Doc. 8, Tr. 336, 340-341). Petitioner's wife confirmed his alibi. (Doc. 8, Tr. 405).

Lolita Moore's statement was favorable to the defense, in that it called into question the testimony of the victims that there was only one person in the car, the petitioner, (Doc. 7, Tr. 135, 164). Although there was, as the Ohio Court of Appeals found, other evidence on the record, specifically reports from unidentified persons, which supported petitioner's theory of multiple and much younger perpetrators, a statement from a known eyewitness may have been more persuasive and credible.

On the other hand, this Court believes that in light of the substantial evidence of petitioner's guilt, Ms. Moore's statement was not material because there was no reasonable probability that the result of the trial would have been different had the evidence been disclosed to the defense.

The victims independently identified petitioner in a photo array which was provided to them almost immediately after the shooting and which was not challenged by the defense as suggestive. (Doc. 7, Tr. 149, 170, 185). There was no testimony at trial suggesting that the victims had any motive to frame petitioner for this crime. Both petitioner and the victims testified that they did not know each other. (Doc. 6, Tr. 132; Doc. 7, Tr. 164; Doc. 8, Tr. 349).

Police Officer Bailey who pursued petitioner in a high speed chase after the shooting based on a report of the license plate, testified that he saw petitioner driving the car. (Doc. 8, Tr. 309). When the car was finally located during the early morning hours petitioner was found standing behind a tree near it. (Doc. 8, Tr. 361-362).

Petitioner's statements to police upon his arrest were also incriminating, because they placed him at the scene. Officer Hoffman testified that petitioner had stated to him that he picked up Dave and while riding around they spotted two individuals who had robbed them. (Doc. 7, 265). Dave indicated that he would take care of them and then shot them. (*Id.*) On the stand, petitioner conceded that he told police that he picked up Dave (Doc. 8, Tr. 365), but explained that he was lying at the time (*Id.*, Tr. 369). He denied making the other statements.

Petitioner's attempt to bribe the victim not to testify (Doc. 7, Tr. 175) was further evidence of guilt.

4

>      With respect to the statement allegedly made by Jimmie Martin, there is no evidence on the record concerning the contents of the statement. For this reason, petitioner has not demonstrated that the statement was either favorable to the defense or material to the outcome of the case.
>
>      Accordingly, the decision of the Ohio Court of Appeals affirming the ruling of the trial court denying petitioner's motion for a new trial was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Brady* and was not unreasonable in light of the record evidence.

(Doc. #19, Report and Recommendation at 9-11.) The Magistrate Judge's well-reasoned determination was correct, and should not be disturbed.

### B.   Hall Has Failed to Show that He Is Entitled to an Evidentiary Hearing pursuant to 28 U.S.C. § 2254(e).

Hall has failed to show, as required by 28 U.S.C. § 2254(e), that he is entitled to an evidentiary hearing. In *Townsend v. Sain*, 372 U.S. 293, 312, 313 (1963), the United States Supreme Court affirmed that a federal court in habeas corpus has the power to inquire into allegations of constitutional error, or alleged violations of federal law, in state court proceedings. Accordingly, the Court determined that where such allegations have been made, and the facts underlying any particular allegation are in dispute, the federal court has the power to order a hearing on the facts. *Id.* at 312. Further, the Court determined that exercise of such power is mandatory under six specified circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Id.* at 313.

Without dispute, *Townsend* represents the Supreme Court's most expansive view of the federal court's fact finding power in federal habeas.  In *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1721 (1992), the Supreme Court significantly limited the power of the federal court to engage in *de novo* habeas fact finding.  Specifically the Court held that a cause and prejudice standard is the correct standard to apply before excusing a habeas petitioner's failure to develop a material fact in state court proceedings.  In so ruling, the Court explicitly recognized that its decision would facilitate the finality of conviction.

In the wake of *Townsend* and *Keeney*, the federal courts consistently have held that the necessity of an evidentiary hearing is dependent on three primary considerations: whether a genuine factual dispute relative to a cognizable claim in federal habeas corpus is apparent; whether the state record is sufficient to resolve such a factual dispute; and if not, whether the insufficiency was prompted by the petitioner's failure to adequately develop the record.  *See Payton v. Whitley*, 941 F.2d 1321 (5th Cir. 1991); *Johnson v. Dugger*, 932 F.2d 1360 (11th Cir. 1991); *Scrivner v. Tansy*, 68 F.3d 1234 (10th Cir. 1995); *Resnover v. Pearson*, 965 F.2d 1453 (7th Cir. 1992).

In *Mitchell v. Rees*, 114 F.3d 571 (6th Cir. 1997), the Sixth Circuit, evaluated the parameters and requisite analysis necessary to the invocation of a federal evidentiary hearing in a habeas corpus case.  The Court, speaking through Judge Batchelder, explained:

> We begin with the application of 28 U.S.C. Section 2254(d), which establishes a presumption of correctness for factual determinations made by the state courts whose judgments are challenged by the federal habeas petitioner. The Supreme Court, in *Sumner v. Mata*, 449 U.S. 539, 66 L. Ed. 2d 722, 101 S. Ct. 764 (1981), held that §2254(d) mandated that the presumption of correctness be applied by the habeas court to a finding of the state appellate court that "'the facts of the present case' did not adequately support respondent's claim." *Id.* at 546. The Court went on to lay down the rule that "a habeas court should include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors were present, or the reasoning which led it to conclude that the

6

state finding was 'not fairly supported by the record.'" *Id.* at 551. The reason for this requirement, the Court explained, is that "no court reviewing the grant of an application for habeas corpus should be left to guess as to the habeas court's reasons for granting relief notwithstanding the provisions of §2254(d)." *Id.* And in a footnote, the Court further explained that "the 1966 amendments embodied in §2254(d) were intended by Congress as limitations on the exercise of [federal court] jurisdiction. As we held in *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 43, 53 L. Ed. 126 (1908) and have repeatedly since reaffirmed, 'it is the duty of this Court to see to it that the jurisdiction of the [district court] which is defined and limited by statute, is not exceeded.'" 449 U.S. 539 at 548.

Because §2254(d) is an express limitation on the district court's jurisdiction, a district court is without authority to hold an evidentiary hearing on a matter on which the state court has made findings unless one of the factors contained in §2254(d) applies. It was error, therefore, for the district court to dispense with the presumption of correctness embodied in §2254(d) and to order an evidentiary hearing without providing a written statement of the "reasoning which led it to conclude that any of the first seven factors were present, or the reasoning which led it to conclude that the state finding was 'not fairly supported by the record.'" *Id.* at 551. We are satisfied that the district court could not have proceeded on the basis of §2254(d)(8), since, as we more fully explain below, the state appellate court's finding that there was insufficient evidence of a *Batson* violation is "fairly supported" by the record of the state court proceedings. It is, however, implicit in the district court record that the petitioner and the court proceeded on the basis of §2254(d)(3), "that the material facts were not adequately developed at the State court hearing."

Once a district court has properly determined that it may dispense with the presumption of correctness mandated by §2254(d), the court has some discretion in determining whether to hold an evidentiary hearing. *See Lonchar v. Thomas*, 517 U.S. __, __, 116 S. Ct. 1293, 1300, 134 L. Ed. 2d 440 (1996) (citing HABEAS CORPUS Rule 8(a); *Townsend v. Sain*, 372 U.S. 293, 318, 9 L. Ed. 2d 770, 83 S. Ct. 745 (1963); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11-12, 118 L. Ed. 2d 318, 112 S. Ct. 1715 (1992)); *see also Sims v. Livesay*, 970 F.2d 1575, 1579 (1992) (quoting *Townsend*, 372 U.S. at 318). However, an habeas petitioner who has not developed the record in state court is entitled to an evidentiary hearing only if he shows (1) "cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure" or (2) "that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." *Keeney*, 504 U.S. at 11-12 (citing *McCleskey v. Zant*, 499 U.S. 467, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991)); *Murray v. Carrier*, 477 U.S. 478, [*18] 496, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986)), overruling *Townsend* in part; *Mann v. Scott*, 41 F.3d 968, 985 (5th Cir. 1994) (holding that the habeas petitioner bears the burden of proof on both points (citing *Keeney*, 504 U.S. at 11-12)), cert. denied, __ U.S. __, 115 S. Ct. 1977, 131 L. Ed. 2d 865 (1995). Therefore, a district

7

>court abuses its discretion by ordering such a hearing without first requiring the petitioner to make the requisite showing.

*Id.* Petitioner has not made the requisite showing as outlined in *Mitchell v. Rees*, 114 F.3d 571 (6th Cir. 1997).

In the AEDPA, the standard for evaluating the request for an evidentiary hearing was changed and appears to be even more stringent that the test described in *Mitchell*:

>(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>>(A) the claim relies on--
>>
>>>(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e).[2]

All of the above mentioned prerequisites inure to the Respondent's position that Hall has not shown that he is entitled to an evidentiary hearing. Specifically, the Ohio Court of Appeals reviewed Hall's claim that the state failed to turn over allegedly exculpatory statements, and made the following factual determinations:

>Hall contends that the police and prosecution failed to turn over exculpatory statements material to his innocence. In support of his motion, Hall

---

[2] This Court's reliance on *Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002) is misplaced because the AEDPA, which is applicable to this case, severely restricted the availability of an evidentiary hearing, whereas in *Jamison*, the Sixth Circuit specifically noted that the AEDPA was not applicable to Jamison, whose petition was filed in 1994. *Id.* at 384.

attached the affidavit of Lolita Moore. In the affidavit, Moore stated that there were three persons in the Honda Accord, which would have supported Hall's theory of the case. Additionally, Hall claims that Moore and another witness, James Martin, gave written statements to the police that should have been turned over to Hall because they were exculpatory. Hall also claims, correctly, that Moore and Martin were subpoenaed by both the state and the defense, and that neither witness appeared at trial. It was only after the second trial and prior to sentencing that Moore was located by Hall's counsel.

Based upon Moore's affidavit, we hold that her testimony would not have been exculpatory, but would have been cumulative evidence regarding the conflicting identification of the number of persons inside the Honda Accord and the identification of Hall as the driver of that vehicle. Moore was listed as a witness by the state, was subpoenaed by both parties, but was not called to testify by either party. Since Hall failed to call Moore as a witness, to seek a continuance, or to proffer Moore's expected testimony, Hall cannot claim that the discovery of this witness provided the basis for a new trial. *See State v. Sheppard* (1955), 100 Ohio App. 399, 128 N.E.2d 504.

The record also discloses that, contrary to Hall's assertions in his motion, all of the computer records and mobile-data-terminal-transmission logs were introduced at trial. In support of this basis for a new trial, Hall attached to his motion what purported to be a computer record that had not been previously turned over by the state; however, this document was entered into evidence as state's exhibit seventeen during the testimony of Police Specialist Patrick Harvey when he was called by the state as a rebuttal witness. Hall was given the opportunity to cross-examine Harvey regarding the contents of that document. Although the document should have been turned over prior to trial, Specialist Harvey explained during his testimony that its presence was not discovered when the police responded to Hall's subpoena. Despite this apparent discovery violation, we hold that the failure of the police department to turn over prior to trial the printout attached to Hall's new-trial motion, which was also admitted as state's exhibit 17, was harmless and did not deprive Hall of a fair trial. The printout did not contain any exculpatory evidence, nor would it have assisted Hall in his defense.

As part of the first assignment of error, Hall also claims that the trial court erred in failing to conduct a hearing on his new-trial motion. To begin with, there is no requirement that the trial court conduct a hearing and receive testimony prior to denying a motion for a new trial. *See Toledo v. Stuart* (1983), 11 Ohio App. 3d 292, 465 N.E.2d 474. Furthermore, the record indicates that the court asked Hall's counsel if they had anything further to present in support of the motion. Counsel stated that the motion was fully supported in writing and that it would be submitted to the court without further evidence or argument.

(Doc. #10, Ex. 3 at 5-7). The factual determinations made by the appellate court are entitled to a

9

presumption of correctness, and it would be error this Court to dispense with the presumption of correctness embodied in § 2254(d) and to order an evidentiary hearing without requiring Hall to first show that he can meet those requirements set forth in 28 U.S.C. § 2254(e).

As noted by the appellate court, the trial court gave Hall the opportunity to develop the record regarding his *Brady* claim.  (Doc. 10, Ex. 3 at 7; Doc. #8, Tr. 574.)  Thus, any alleged failure to develop the record at that time, is attributable to Hall.

Additionally, under the new habeas corpus amendments to § 2254, a hearing on the identical issues previously determined in the state court is not warranted in that the Hall has failed to meet the standard as set forth in the amendments.  Specifically, Hall has not demonstrated clear and convincing evidence rebutting the presumption of correctness afforded to the state court's determination of this issue under to the AEDPA.  Furthermore, Hall's claims neither rely on a new rule of constitutional law, previously unavailable, nor a factual predicate that could not have been discovered previously through the exercise of due diligence.

The language of the AEDPA is clear that "the court shall not hold an evidentiary hearing unless" the petitioner meets those requirements set forth in 28 U.S.C. § 2254(e).  Respondent therefore respectfully requests this Court to grant Respondent relief from this Court's Order of October 11, 2005, remanding the case for an evidentiary hearing.  For the reasons set forth in Respondent's answer and in the Magistrate Judge's well-reasoned Report and Recommendation, an evidentiary hearing is not appropriate in this case, and Hall's petition for a writ of habeas corpus should be denied.  Respondent respectfully requests that scheduling regarding the evidentiary hearing be delayed until after this Court issues a ruling on this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ***Respondent's Motion for Relief from the Court's Order of October 11, 2005*** was electronically filed on October 12, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT
Assistant Attorney General