IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FREDRICK HALL, | : | |
| | : | |
| Petitioner, | : | CASE NO. 1:02-CV-00034 |
| | : | |
| vs. | : | JUDGE SPIEGEL |
| | : | |
| HARRY K. RUSSELL, WARDEN, | : | MAGISTRATE JUDGE BLACK |
| | : | |
| Respondent. | : | |

_____

PETITIONER HALL'S RESPONSE TO RESPONDENT'S
MOTION FOR RELIEF FROM ORDER
_____

The Respondent has requested relief from this Court's order instructing the Magistrate Judge to hold an evidentiary hearing. Respondent argues that a hearing is improper and unnecessary. There is nothing improper about the Court's order, and if the hearing is unnecessary, it is only because the record before this Court so clearly establishes that the State of Ohio violated Mr. Hall's federal constitutional rights.

Mr. Hall's argument is included in the attached memorandum.

                                                           Respectfully submitted,

                                                           David H. Bodiker
                                                           Ohio Public Defender

                                                           s/ Craig M. Jaquith
                                                          Craig M. Jaquith - 0052997
                                                          Assistant State Public Defender

                                                          Office of the Ohio Public Defender
                                                          8 East Long Street - 11th Floor
                                                          Columbus, Ohio 43215
                                                          (614) 466-5394
                                                          (614) 752-5167 (fax)
                                                          Jaquithc@opd.state.oh.us

                                                          Counsel For Petitioner

**Memorandum**

<u>Application of *Jamison v. Collins*</u>

In remanding this case to the Magistrate Judge for an evidentiary hearing, the Court's Opinion and Order cites to *Jamison v. Collins*, finding that a hearing was necessary "in light of" that case. Doc. 22, p. 6. Respondent believes that the Court is relying on *Jamison* in a procedural sense, regarding the appropriateness of an evidentiary hearing. Thus, Respondent notes that *Jamison* is a pre-AEDPA case, and was subject to different standards regarding the availability of an evidentiary hearing. Doc. 23, p. 2.

But the Court cited *Jamison* for its substantive value, regarding the prior actions of the Cincinnati Police Department and/or the Hamilton County Prosecutor involving the withholding of exculpatory evidence. In *Jamison*, the Sixth Circuit found egregious, systemic *Brady* violations to have occurred in a case arising out of Hamilton County, through a practice referred to as "homicide booking," which has ostensibly been discontinued. *Jamison*, 291 F.3d at 383. By citing *Jamison*, the Court acknowledges that Mr. Hall's claims are not *sui generis*, and that it is appropriate to fully inquire into whether the withholding of exculpatory police statements of Lolita Moore and Jimmie Martin resulted in a similar due process violation as occurred in *Jamison*.

<u>Hearing Regarding Credibility of Lolita Moore</u>

Respondent has made blanket opposition to this Court's Order that an evidentiary hearing be held, but fails to differentiate between the two very different reasons why this Court ordered an evidentiary hearing. The first reason identified by the Court is to have Lolita Moore testify before the Magistrate Judge, in order to assess her credibility vis-à-vis the affidavit that she swore on August 16, 1999. Opinion and Order, Doc. 22, p. 8. That affidavit concerned her observations on the night of the incident giving rise to this case, and her having made—along

with another eyewitness, Jimmie Martin—a contemporaneous statement to the police regarding the same. The second reason for the hearing is to determine when the Cincinnati Police Department or the Hamilton County Prosecutor destroyed police statements made by Ms. Moore and Mr. Martin. Id.

As to the first reason to hold an evidentiary hearing, Mr. Hall agrees with Respondent that Ms. Moore need not testify before the Magistrate Judge. A hearing involving Ms. Moore is unnecessary is because neither Respondent nor any reviewing court has argued or found Ms. Moore's affidavit to be anything less than entirely credible. Thus, because the reliability of her affidavit is not in question, the task for this Court is quite straightforward: to determine whether the Ohio Court of Appeals and Magistrate Judge Perelman have properly analyzed the import of Ms. Moore's affidavit, originally offered in support of Mr. Hall's new-trial motion. Mr. Hall contends that those analyses wrongly downplay the impact that credible eyewitness testimony of the sort contained in Ms. Moore's affidavit would have had at trial.

Because the credibility of Ms. Moore and the reliability of her affidavit were not questioned by the Ohio Court of Appeals, it is only necessary to determine whether that court unreasonably applied *Brady* to this case, in light of the contents of Ms. Moore's affidavit. The Respondent's 60(b)(6) Motion contains a quote from the appeals court which establishes that that court did not reasonably apply *Brady*. Specifically, the appeals court found that Ms. Moore's testimony "would have been cumulative evidence regarding the conflicting identification of the number of persons inside the Honda Accord and the identification of Hall as the driver of that vehicle." Motion for Relief from Court's Order, Doc. 23, p. 3. The Report and Recommendation of Magistrate Judge Perelman cited this language without criticism, and discussed why, in the Magistrate Judge's view, *Brady* was not unreasonably applied. Id., at pp. 3-5.

However, Mr. Hall's Objections to the Report and Recommendation explain how both the appeals court and Magistrate Judge Perelman failed to appropriately apply *Brady*, in light of the contents of Ms. Moore's affidavit. Doc. 20. Rather than restate here all of the reasons cited in his Objections, Mr. Hall will briefly recap the most salient points:

1. Ms. Moore would have told the jury that this was a drive-by shooting, a version of the incident that is contrary to the stationary-car version told by the victims, Messrs. Hart and Davis, and consistent with the distribution of the shell casings at the scene;

2. Ms. Moore would have been the *sole* source of eyewitness testimony consistent with the police dispatch logs introduced at trial that the Honda Accord contained three individuals, not one individual, as Messrs. Hart and Davis averred; and

3. similarly, she would have been the *sole* source of eyewitness testimony that the occupants of the car were all in their early twenties and clean shaven, while it is undisputed that Mr. Hall was in his forties and had a beard.

Ms. Moore's eyewitness account would not have been "cumulative" to anything that any other eyewitness testified to at trial. At minimum, Ms. Moore's testimony would have strongly impeached that of the victims. Further, given that her version closely matched the dispatch logs and the physical evidence, it is probable that her testimony about the occupants of the car from which the shots were fired would have been wholly believed by the jury. If so, an acquittal would have been the only appropriate result. Confidence in the jury's verdict is severely undermined by the knowledge that the State withheld a favorable statement from Ms. Moore (and from Jimmie Martin, who "sat in the same police car" with Ms. Moore that night and, it may reasonably be inferred, also told the police a version similar to that of Ms. Moore; see Moore Affidavit, Ex. A to Mr. Hall's Motion for Discovery, Doc. 11). To find that a *Brady* violation did not occur here, it is necessary to unreasonably apply that case.

Hearing Regarding Timing of Destruction of Exculpatory Statements

The second reason the Court requested an evidentiary hearing is to determine when the police statements of Ms. Moore and Mr. Martin were destroyed. Those statements first became an issue on August 20, 1999, when Mr. Hall filed a new-trial motion with the trial court. The jury's verdict forms were filed August 9, 1999, thus Mr. Hall's new-trial motion came just 11 days later, and before sentencing. Doc. 10, Ex. 2. It was not until May 19, 2003, during the pendency of this habeas action, that it became known that the statements had been destroyed by the police or by the prosecutor. Doc. 17. Therefore, Respondent cannot argue that due to inaction in the state courts on Mr. Hall's part, an inquiry cannot now be held into when the documents were destroyed.

The State destroyed the police statements. The exculpatory nature of Ms. Moore's statement, as we know from her affidavit, would have been obvious to anyone remotely familiar with the case. Due to the patently exculpatory nature of her statement, whether the destruction occurred before or after the filing of Mr. Hall's new-trial motion is irrelevant, for purposes of determining whether a due process violation occurred. *California v. Trombetta*, 467 U.S. 479, 489 (1984) (Ms. Moore's police statement possessed "an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means").

Arguably, a distinction can be drawn between the police statements of Ms. Moore and of Mr. Martin, in that the exculpatory nature of Mr. Martin's statement must be inferred from the fact that it was given in Ms. Moore's presence, immediately after the incident. But because Mr. Hall brought the potentially exculpatory nature of Mr. Martin's statement to the attention of the prosecution and the trial court only 11 days after the jury verdicts were filed, due process requires that Mr. Martin's police statement not be destroyed during the pendency of Mr. Hall's

legal proceedings. Bad faith must be presumed if the statement is destroyed after the State has been put on notice that the statement is believed to be exculpatory, otherwise the government would have no disincentive with respect to the destruction of contested *Brady* materials during post-trial litigation, other than the extremely remote threat of disciplinary action.

It is exceedingly unlikely that the destruction of the statements in question occurred so soon after Mr. Hall's trial as to have been before his sentencing hearing. In its Opinion and Order, the Court is unwilling—despite the record reflecting that Mr. Hall filed his new-trial motion, with Ms. Moore's affidavit attached, 11 days after the jury verdicts—to find that the destruction of the statements came after the filing of the new-trial motion. If the Court is not inclined to reach that conclusion based on the record herein, the party that destroyed the documents must not be permitted to bar an inquiry into when that destruction occurred, and an evidentiary hearing is appropriate and necessary.

## **Conclusion**

Mr. Hall agrees that Ms. Moore's testimony is not required to resolve the *Brady* issue he raises herein, but only because her credibility has never been questioned, and her affidavit is reliable. With respect to a hearing to determine when the statements were destroyed, such a hearing is appropriate if the Court finds that the current record is unclear in that regard.

Respectfully submitted,

David H. Bodiker
Ohio Public Defender

s/ Craig M. Jaquith
Craig M. Jaquith - 0052997
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394

(614) 752-5167 (fax)
Jaquithc@opd.state.oh.us

Counsel For Petitioner

**Certificate of Service**

This is to certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Jerri Fosnaught, Assistant Ohio Attorney General.

s/ Craig M. Jaquith
Craig M. Jaquith - 0052997
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394
(614) 752-5167 (fax)
Jaquithc@opd.state.oh.us

Counsel For Petitioner

226245