UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Frederick Hall, | : |
| | :    Case No. 1:02-cv-00034 |
|     Petitioner, | : |
| | :    Judge Spiegel |
| v. | : |
| | :    Magistrate Judge Black |
| Harry K. Russell, Warden,[1] | : |
| | : |
|     Respondent. | : |

**RESPONDENT'S REPLY TO PETITIONER HALL'S RESPONSE TO RESPONDENT'S MOTION FOR RELIEF FROM ORDER**

On October 11, 2005, this Court issued an order in which the Court found that "out of an abundance of caution, "in the light of *Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002), . . . a remand of this matter [is] appropriate so as to determine whether the evidence withheld, the written statement of Ms. Lolita Moore, and the destroyed statement of Jimmie Martin, could undermine confidence in the jury's verdict." (Doc. #22, Opinion and Order at 6.). On October 12, 2005, Respondent filed a motion for relief arguing that the *Jamison* decision was inapplicable because, unlike the petitioner in *Jamison*, the review of Hall's petition and the availability of an evidentiary hearing is governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[2] Respondent also asserted that a review of the AEDPA's severe restrictions on the availability of an evidentiary hearing demonstrates that an evidentiary hearing is not appropriate in this case. (Doc. #23.)

---

[1] Hall is currently incarcerated in the Lebanon Correctional Institution. Ernie Moore is the Warden of that institution and as such is the proper party Respondent.
[2] In *Jamison v. Collins*, 291 F.3d 380 (6th Cir. 2002), the Sixth Circuit noted that because the AEDPA was not applicable to Jamison, whose petition was filed in 1994, the standard for reviewing Jamison's petition permitted "the federal habeas court make its own independent determination of his federal claim, without being bound by the determination on the merits of that claim reached in the state proceedings." *Id.* at 386

On November 1, 2005, Fredrick Hall, through counsel, filed a response to Respondent's motion for relief. In his response, Hall asserts that the Sixth Circuit's decision in *Jamison* is applicable, and discusses what might have happened had Ms. Moore testified. (Doc. #24.) However, the state court found that Ms. Moore's testimony would have been cumulative evidence and the discovery of this witness did not provided the basis for a new trial. (Doc. #10, Ex. 3 at 5-7). The state court's decision is reasonable. Thus, an evidentiary hearing is not appropriate in this case.

As noted above, the AEDPA *is* applicable to Hall. The AEDPA provides that a federal habeas court cannot grant the writ with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The state court adjudicated the merits of Hall's claim that the State failed to turn over the allegedly exculpatory statements by Ms. Moore and Mr. Martin. Thus, the issue in this federal habeas proceeding is whether the state court's adjudication of Hall's claims resulted in a violation of his Constitutional rights. 28 U.S.C. § 2254.

Here, the state court record is sufficient to resolve any factual dispute. The Magistrate Judge reviewed the state court record regarding Hall's first ground for relief, applied the proper standard set forth in the AEDPA, gave the appropriate deference to the state court factual determinations, and found that the appellate court's decision affirming the trial court's entry denying Hall's motion for a new trial was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Brady* and was not unreasonable in light of the

record evidence.  (Doc. #19, Report and Recommendation at 9-11.)  The Magistrate Judge's well-reasoned determination was correct, and should not be disturbed.  This Court can make its determination based on the state court record, and, therefore, an evidentiary hearing is not necessary.

Additionally, an evidentiary hearing is not appropriate in this case because Hall has failed to show, as required by 28 U.S.C. § 2254(e), that he is entitled to an evidentiary hearing.  In the AEDPA, the standard for determining whether an evidentiary hearing should be held was changed, and now is even more stringent that the test described in prior Sixth Circuit cases.  Specifically, the AEDPA provides that if the petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless the petitioner satisfies both prongs of 28 U.S.C. § 2254(e)(2).

This statutory provision, and the case law set forth in Respondent's motion for relief from this Court's order incorporated by reference herein, inure to the Respondent's position that Hall has failed to show that he is entitled to an evidentiary hearing.  The Ohio Court of Appeals reviewed Hall's claim that the State failed to turn over allegedly exculpatory statements, made factual determinations, and affirmed the trial court's decision denying Hall's motion for a new trial.  (Doc. #10, Ex. 3 at 5-7).  The factual determinations made by the appellate court are entitled to a presumption of correctness, and it would be error this Court to dispense with the presumption of correctness embodied in § 2254(d) and order an evidentiary hearing without requiring Hall to first show that he can meet those requirements set forth in 28 U.S.C. § 2254(e).

As noted by the appellate court, the trial court gave Hall the opportunity to develop the record regarding his *Brady* claim.  (Doc. 10, Ex. 3 at 7; Doc. #8, Tr. 574.)  Specifically,

> [T]he record indicates that the court asked Hall's counsel if they had anything further to present in support of the motion.  Counsel stated that the motion was

3

> fully supported in writing and that it would be submitted to the court without further evidence or argument.

(Doc. #10, Ex. 3 at 5-7). Thus, any alleged failure to develop the record at that time, is attributable to Hall.

Additionally, under the amendments to § 2254, a hearing on the identical issues previously determined in the state court is not warranted in that the Hall has failed to meet the standard as set forth in the amendments. Hall has not set forth clear and convincing evidence rebutting the presumption of correctness afforded to the state court's determination of this issue under the AEDPA. Furthermore, Hall's claims neither rely on a new rule of constitutional law, previously unavailable, nor a factual predicate that could not have been discovered previously through the exercise of due diligence.

The language of the AEDPA is clear that "the court shall not hold an evidentiary hearing unless" the petitioner meets those requirements set forth in 28 U.S.C. § 2254(e). Respondent therefore respectfully requests this Court to grant Respondent relief from this Court's Order of October 11, 2005, remanding the case for an evidentiary hearing. For the reasons set forth in Respondent's answer and in the Magistrate Judge's well-reasoned Report and Recommendation, an evidentiary hearing is not appropriate in this case, and Hall's petition for a writ of habeas corpus should be denied. Respondent respectfully requests that scheduling regarding the evidentiary hearing be delayed until after this Court issues a ruling on his motion for relief.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Respondent's Reply to Petitioner Hall's Response to Respondent's Motion for Relief from Order* was electronically filed on November 4, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT
Assistant Attorney General
