```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
FREDERICK HALL,                  :
                                 : NO. 1:02-CV-00034
        Petitioner,              :
                                 :
                                 :
    v.                           : OPINION AND ORDER
                                 :
                                 :
HARRY K. RUSSELL,                :
                                 :
        Respondent               :
                                 :
```

This matter is before the Court on Respondent's Motion for Relief from the Court's Order of October 11, 2005 (doc. 23), Petitioner's Response (doc. 24), and Respondent's Reply (doc. 25). For the reasons indicated herein, the Court DENIES Respondent's Motion.

**I. Background**

The facts of this case have been stated in previous orders and filings in this case. For easy reference, the Court recounts the essential facts here:

On October 17, 1999, an assailant in a car shot Johann Hart and Kevin Davis on the corner of Fourteenth and Republic Streets in Cincinnati, Ohio (doc. 19). Police responded to the scene, obtained a license number from witnesses, and tracked down Petitioner (<u>Id</u>.). Petitioner Frederick Hall ("Hall") claimed that a passenger in his car shot Hart and Davis, though at trial the two victims identified Petitioner as the shooter, and stated he was

alone in the vehicle, which was stationary (Id.). Two other witnesses provided statements to the police as well, Lolita Moore, and Jimmie Martin, but their statements were not provided to the defense (Id.). Moore's statement, as averred in a subsequent affidavit, indicated she saw three young men, none of whom resembled Petitioner, in the perpetrator's car, which was moving (Id.). Martin's statement was ultimately lost or destroyed (doc. 20). During the trial, the defense introduced through a police officer documentation of phone calls to the police, which included reports that three persons were in the perpetrator's car, and the suspect was a young man, who did not resemble Petitioner (doc. 23).

Petitioner's first trial ended in a mistrial, but in a second trial, in August 1999, a jury found Petitioner guilty on two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(1), two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(2), two counts of attempted murder as defined in Ohio Rev. Code § 2923.02(A) and one count of failure to comply as defined in Ohio Rev. Code § 2921.33 (doc. 19). On January 16, 2002, Petitioner Hall filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner contends he was deprived of due process of the law when the state did not provide exculpatory statements from eyewitnesses who did not testify at trial (Id.).

During the pendency of this habeas action, Petitioner

discovered that the statements of Ms. Moore and Mr. Martin were destroyed by the police or the prosecutor (doc. 24). As such statements are potentially exculpatory, Petitioner argues that Respondent committed a violation of Brady v. Maryland, 373 U.S. 83 (1963).

In its October 11, 2005 Order, the Court found it appropriate for the Magistrate Judge to conduct an evidentiary hearing on the circumstances surrounding the destruction of the statements of Moore and Martin, and whether Petitioner was intentionally deprived of evidence in his favor. If Petitioner was intentionally deprived of such exculpatory evidence, the Court found he would be entitled to an inference in his favor. The Court stated, "[s]hould such inference and/or a positive credibility determination as to Moore's statement result in a finding that confidence in the jury's verdict is undermined, Petitioner should be entitled to another trial." (doc. 22, citing Jamison v. Collins, 291 F.3d 380 (6th Cir. 2002).

## II.  Respondent's Motion

Respondent filed its Motion for Relief from the Court's Order, arguing that the Antiterrorism and Effective Death Penalty Act of 1996, 2244(d)("AEDPA") severely restricts the availability of evidentiary hearings, and precludes an evidentiary hearing in this matter (doc. 23). Respondent argues that the state court record is sufficient to resolve any factual dispute, because the

Ohio Court of Appeals found the trial court did not abuse its discretion in denying Petitioner a new trial based on the state's failure to turn over the statements of Moore and Martin (Id.). The Ohio Court of Appeals found that Moore's statement would have only been cumulative, and that because Petitioner failed to call her as a witness, to seek a continuance, or to proffer Moore's expected testimony, Petitioner could not claim the discovery of this witness provided the basis for a new trial (Id.).

The Ohio court of appeals reviewed the evidence of Petitioner's guilt, including the victims' identification of Petitioner as the perpetrator, an officer who engaged Petitioner in a high speed chase, Petitioner's statements that placed him at the scene, and Petitioner's attempt to bribe the victim not to testify (Id.). In the light of such evidence, the court found Ms. Moore's statement was immaterial, because there was no reasonable probability that the result of the trial would have been different had the evidence been disclosed to the defense (Id.). Similarly, the Court found no evidence in the record as to the statement of Mr. Martin, and therefore found Petitioner failed to demonstrate that it was either favorable to the defense or material to the outcome of the case (Id.).

Citing Mitchell v. Rees, 114 F.3d 571 (6th Cir. 1997), Respondent argues that Petitioner has not made the requisite showing that any of the factors of 28 U.S.C. § 2254(d) apply, which

would overcome the presumption of correctness due state court factual findings, and permit the court to hold an evidentiary hearing (Id.). Respondent further argues under Mitchell that should Petitioner overcome the presumption, it is further incumbent upon him to show cause for his failure to develop the facts in the state court proceeding, demonstrate actual prejudice, and to show that a fundamental miscarriage of justice would result from failure to hold an evidentiary hearing (Id.).

Respondent further argues that the AEDPA made the standard for evaluating a request for an evidentiary hearing even more stringent (Id.). Respondent cites the statute, which states

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that. . .the claim relies on. . . a factual predicate that could not have been discovered through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). Respondent argues that it would be error to order an evidentiary hearing without requiring Petitioner to show that he can meet the requirements of Section 2254(e) (Id.).

Finally, Respondent argues that Petitioner was granted the opportunity to "develop the factual record regarding his Brady claim" thus Petitioner is at fault for failing to do so (Id.).

**III. Petitioner's Response**

Petitioner argues that Respondent's Motion is lacking in merit and he states there is really no need to have a hearing regarding the credibility of Lolita Moore, because no one has questioned the reliability of her affidavit (doc. 24).  A hearing is appropriate, argues Petitioner, if the Court finds the record is unclear as to when the statements were destroyed (Id.).

**IV. Respondent's Reply**

Respondent replies that AEDPA precludes an evidentiary hearing, and argues that Jamison v. Collins, 291 F.3d 380 (6th Cir. 2002), which predated AEDPA, is inapplicable.  Respondent argues the state court record is sufficient to resolve any factual dispute, such that an evidentiary hearing is not necessary in any event.  In the balance of its reply, Respondent repeats the arguments in its original motion.

**V. Discussion**

The suppression of evidence favorable to an accused violates due process where the evidence is material to guilt or to punishment.  Brady v. Maryland, 373 U.S. 83, 87 (1963).  Under Judge Batchelder's decision in Mitchell v. Rees, cited by a presumption of correctness to state court factual determinations is established under 28 U.S.C. § 2254(d), thus precluding an evidentiary hearing unless one of the factors contained in Section 2254(d) applies.  114 F.3d 571 (6th Cir. 1997).  Section 2254 has

been amended so as to eliminate the seven factors, but the seventh factor listed in the pre-AEDPA statute pertains to the denial of due process in a state court proceeding. 28 U.S.C. 2254(d)(7)(1996). It is clear then, under Judge Batchelder's decision, that the presumption of correctness of state factual determinations simply is inapplicable to a <u>Brady</u> claim, which is an allegation of the denial of due process. One cannot presume the withholding of evidence would result in a correct factual determination.

Moreover, the amended statute places the burden of rebutting the presumption of correctness on the applicant, who must do so with clear and convincing evidence. 28 U.S.C. 2254(e)(2006). Here there is no question, based on the Affidavit of Lolita Moore, that clear evidence in Petitioner's favor existed, which the government had in its possession, and which the government ultimately destroyed. In such a situation, the applicant here has rebutted the presumption of correctness, and has shown cause for not developing the facts further.

Respondent places emphasis on the requirements of 28 U.S.C. 2254(e)(2)(A) and (e)(2)(B), arguing that Petitioner's request for an evidentiary hearing fails to meet the statute's requirements for an evidentiary hearing (doc. 23). Respondent's argument is misplaced. The Supreme Court, in <u>Williams v. Taylor</u>, 529 U.S. 420, 435, (2000) indicated that these provisions are

inapplicable to petitioners who made reasonable attempts, in light of the information available to them at the time, to investigate and pursue claims in state court. The two provisions are intended to "provide prisoners who fall within Section 2254(e)(2)'s opening clause an opportunity to obtain an evidentiary hearing." Williams, 529 U.S. at 436. The Petitioner here does not fall within Section 2254(e)(2)'s opening clause because it was no fault of his own that the government withheld evidence in his favor, and destroyed such evidence. Accordingly, the AEDPA standard for an evidentiary hearing does not apply to Petitioner. See Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002)(AEDPA's standard for evidentiary hearing inapplicable where petitioner diligent in pursuing Brady claim).

Respondent attempts to characterize the record as showing that Petitioner failed to develop the factual record, as the Petitioner stated before the trial court that he had nothing more to offer in support of his motion for a new trial beyond that supported in writing. Respondent's characterization is not well-taken. Petitioner did not withhold or destroy evidence, and it is unfair to place the fault on him for failure to develop the factual record, when he did not know such evidence existed due to the fact the government withheld it from him. The record shows, on the contrary, that Petitioner subpoenaed Moore and Martin, but that neither witness appeared at trial. Only subsequent to the trial

was Petitioner's counsel able to locate Moore, and to learn about the content of her testimony. The evidence in question, as argued by Petitioner, is not necessarily "cumulative" evidence, as found by the state court, but might reasonably be viewed as the only eyewitness testimony contradicting the testimony of the victims.

The Court finds Respondent's motion lacking in merit. An evidentiary hearing is appropriate in this matter so as to determine at what point in time and under what circumstances the evidence was destroyed. The record is unclear as to when and why the police or the prosecutor destroyed the evidence. Should the result of the evidentiary hearing indicate that the destruction happened under circumstances or in a time frame that demonstrates a bad faith destruction of evidence, then the Court could find it appropriate for all evidence, including the Affidavit of Moore, and a favorable inference regarding the destroyed statement of Martin, to be put before a trier of fact. For this reason, the Court finds it appropriate to go forward with the evidentiary hearing in this matter.

**VI. Conclusion**

For the reasons indicated herein, the Court does not find Respondent's Motion well-taken. Accordingly, the Court DENIES Respondent's Motion for Relief from the Court's Order of October 11, 2005 (doc. 23), and REMANDS this matter to the Magistrate Judge

to conduct an evidentiary hearing consistent with this Order.

       SO ORDERED.

Dated: July 13, 2006         <u>s/S. Arthur Spiegel</u>
                                     S. Arthur Spiegel
                                       United States Senior District Judge