# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Frederick Hall,
    Petitioner,

vs                                    Case No. 1:02cv34
                                    (Spiegel, S.J.; Black, M.J.)

Ernie Moore,[1]
    Respondent.

## ORDER

       This habeas corpus action brought under 28 U.S.C. § 2254 is before the Court after the case was remanded for evidentiary hearing on petitioner's first ground for relief alleging a violation of *Brady v. Maryland,* 373 U.S. 83 (1963), stemming from the State's withholding (or destruction) of exculpatory eyewitness statements.[2] The evidentiary hearing was held as ordered on August 29 and November 1, 2006.

       Although the matter could be ripe for ruling at this juncture, on review of the record submitted, it appears that no information has been provided regarding petitioner's first trial, which ended with a hung jury. However, in determining that

---

[1] In the petition, petitioner properly named as respondent Harry K. Russell, who was then Warden of Lebanon Correctional Institution (LeCI), where petitioner is incarcerated. However, since that time, Ernie Moore has replaced Harry Russell as LeCI's Warden. Because Ernie Moore is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] On October 11, 2005, the Court adopted the portion of the Report and Recommendation issued March 23, 2004 to deny habeas corpus relief based on petitioner's remaining claims alleged in Grounds Two and Three of the petition. (Doc. 22, p. 4 n.1; *see also* Doc. 19).

an evidentiary hearing was appropriate in this case, Senior District Judge S. Arthur Spiegel specifically relied on the fact that because the jury was unable to reach a verdict in petitioner's first trial, the "potentially exculpatory evidence might undermine confidence in the final verdict" and, therefore, "could fall within the scope of *Brady*." (Doc. 22, pp. 6-7).

As the Court recognized, the fact that petitioner's first trial ended in a hung jury is a factor to consider, but it is not dispositive. *See, e.g., Zappulla v. New York,* 391 F.3d 462, 485 n.14 (2nd Cir. 2004), *cert. denied,* 126 S.Ct. 472 (2005); *United States v. McLendon,* 378 F.3d 1109, 1115 (D.C. Cir. 2004) (citing *United States v. Williams,* 212 F.3d 1305, 1311 n.10 (D.C. Cir.) (in finding that the "most significant factor" negating the impact of erroneously admitted testimony was "the weight and nature of the evidence" against the defendant, the court rejected the dissent's conclusion that the defendant's second trial "necessarily presented a close case" because the first trial resulted in a hung jury and "advise[d] caution in assigning critical significance to the failure of a different jury, which heard different evidence and argument, to reach agreement"), *cert. denied,* 531 U.S. 1056 (2000)).[3]

In assessing the weight to be accorded this factor, the Court would entertain the opportunity to review the transcript of petitioner's first trial, as well as any documents reflecting how many of the jurors in the first trial voted for acquittal versus conviction. *Cf. Zappulla,* 391 F.3d at 485 n.14 (noting that because a "jury may hang for any number of reasons, including the idiosyncratic views of a single juror," little weight was to be given that factor in light of the record which revealed "the first jury hung with eleven members in favor of conviction and one juror favoring conviction") (quoting *United States v. Newton,* 369 F.3d 659, 680 (2nd Cir.), *cert. denied,* 543 U.S. 947 (2004)).

---

[3] *But cf. United States v. Stevens,* 935 F.2d 1380, 1406-07 (3rd Cir. 1991) (the error was not harmless "[g]iven the apparent closeness of the evidence" presented in both the second and first trial in which the jury was unable to reach a verdict); *United States v. Thornton,* No. CRIM. 99-600, Civ. 04-28, 2005 WL 1993843, at *4 (E.D. Pa. Aug. 17, 2005) (unpublished) (and cases cited therein) (because the petitioner's first trial ended with a hung jury and "the only new evidence at the second trial was . . . extremely prejudicial propensity evidence" that was improperly introduced by defense counsel, "there is a reasonable probability that the jury's verdict would have been different but for defense counsel's deficiency").

2

      Therefore, respondent is hereby **ORDERED** to file within twenty (20) days of the date of filing of this Order a copy of the transcript of petitioner's first trial, as well as any other available evidence reflecting how the jury voted, or the reasons behind the jury's vote, in the first trial.

      **IT IS SO ORDERED.**

Date: 5/1/07

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge

K:\BRYANCC\2007 habeas orders\02-34order.moreinfo-supprec.wpd