UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDERICK HALL,                    :
                                   :   NO. 1:02-CV-00034
        Petitioner,                :
                                   :
                                   :   **OPINION AND ORDER**
   v.                              :
                                   :
                                   :
ERNIE MOORE,                       :
                                   :
        Respondent.                :
                                   :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus be denied (doc. 45), as well as Petitioner's Objections to the Report (doc. 53), and Respondent's Response (doc. 54). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Supplemental Report and Recommendation, and DENIES Petitioner's petition for writ of habeas corpus (doc. 1).

**I. Background**

In January, 2002, counsel from the Ohio Public Defender's Office filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on behalf of Petitioner, an inmate in state custody at the Lebanon Correctional Institute in Lebanon, Ohio, alleging three grounds for relief (doc. 1). On March 23, 2004, Magistrate Judge David S. Perelman issued a Report and Recommendation to deny the petition on the merits (doc. 19). On October 11, 2005, this

Court upheld the portion of the Report and Recommendation addressing Petitioner's second and third grounds for relief, but rejected the portion regarding the first ground for relief (doc. 22).  Petitioner's first ground for relief alleged "Mr. Hall was denied his right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution, as the State failed to provide exculpatory witness statements to the defense at trial" (doc. 1).  The Court ordered the case remanded for an evidentiary hearing on issues raised by Petitioner in challenging the Magistrate Judge's conclusion that the State's withholding of exculpatory eyewitness statements did not violate Brady v. Maryland, 373 U.S. 83 (1963) (Id.).  The Court clarified in a July 13, 2006 Order that "[i]n its October 11, 2005 Order, the Court found it appropriate for the Magistrate Judge to conduct the evidentiary hearing on the circumstances surrounding the destruction of statements of Moore and Martin" (doc. 26).

       Magistrate Judge Black held an evidentiary hearing on August 29, 2006, and November 1, 2006 (docs. 41, 42).  On May 1, 2007, Respondent was ordered to file a "copy of the transcript of petitioner's first trial, as well as any other available evidence reflecting how the jury voted, or the reasons behind the jury's vote, in the first trial" (doc. 43).  On July 20, 2007, Respondent filed a response to the May 1, 2007 Order together with a copy of the transcript of Petitioner's first trial (doc. 46).

The Magistrate Judge's Findings of Fact and Conclusions of Law are very thoroughly laid out in the Report and Recommendation and need not be repeated here (doc. 47). Ultimately, the Magistrate Judge concluded that neither Moore nor Martin provided written statements to the police, and therefore no written statements were suppressed (Id.). Further, the Magistrate Judge found that Martin and Moore's oral statements were not suppressed because "defendant possessed the same information provided to the State pertaining to eyewitnesses Jimmie Martin and Lolita Moore, which was set forth in Officer Fromhold's addendum to his police report" (Id.). Finally, the Magistrate Judge concluded that, even assuming Petitioner could prove that the State withheld and/or destroyed evidence favorable to the defense, Petitioner has not met his burden of demonstrating that the suppressed evidence is "material" within the meaning of Brady and Trombetta (Id.). Therefore, the Magistrate Judge recommended that the claim alleged in Ground One of Petitioner's petition for writ of habeas corpus be denied (Id.).

**II. Discussion**

Petitioner makes two objections to the Supplemental Report and Recommendation (doc. 53). First, Petitioner objects to the Magistrate Judge's conclusion that "neither Martin nor Moore provided written statements to the police on October 17, 1998, which could have been destroyed by the police or prosecutor prior

to petitioner's state criminal trials" (Id., quoting doc. 47). Petitioner argues that Martin's testimony that he was not transported to District One and did not make a written statement cannot be given credence due to his drug use at the time of the incident, and the number of times he was transported to District One for questioning during that time period (Id.). Petitioner also points out that Officer Steven Fromhold only testified that he personally did not transport any witnesses to the police station, which does not establish that Martin and Moore did not make written statements (Id.). Further, Petitioner argues that the Magistrate Judge's dismissal of Moore's testimony as not credible is inconsistent, as the Magistrate Judge accepted, as credible, the testimony of other similarly situated witnesses (Id.). Finally, Petitioner contends Moore's testimony is corroborated by Detective Dan Huffman's testimony that when he arrived at District One on October 17, 1998, he was told that two witnesses were being interviewed by uniformed police officers(Id.). Petitioner argues that this evidence, taken together, undermines the Magistrate Judge's conclusion that Martin and Moore did not give written statements (Id.).

Second, Petitioner objects to the conclusion that any suppressed evidence is not material under Brady v. Maryland (Id.). Petitioner argues that written statements of unbiased witnesses, Martin and Moore, are particularly material in light of the

inconsistencies of other witnesses (Id.). Petitioner makes four arguments in support of his contention that signed, handwritten statements are material despite the fact that summaries of the oral statements of Martin and Moore were available to defense counsel (Id.). First, Petitioner avers that there would be no reason for Martin and Moore to make the written statements if they had no more value than the initial, on-scene accounts (Id.). Second, Petitioner argues that "[i]t would be disingenuous to argue that any reasonable juror would attach the same weight to a second-hand oral account as they would to firsthand, signed accounts authored by the eyewitnesses" (Id.). Next, Petitioner contends that in light of inconsistent testimony from other State witnesses, the additional probative value of any withheld evidence need only be of the slightest weight to be material (Id.). Finally, Petitioner states that the there is no doubt that a jury would have been allowed to view the written statements of Moore and Martin at the first trial, which could have helped establish their credibility as witnesses (Id.).

Respondent refutes Petitioner's objections, arguing that the Magistrate Judge's findings are correct (doc. 54). First, Respondent states Petitioner has not shown that any written or documented oral statements were suppressed (Id.). Respondent argues that Moore's testimony was contradicted by not only Martin, but also Officer Fromhold, Detectives Galligan and Huffman, and

Prosecutor Anderson (Id.).  Further, Respondent contends that due to her inconsistent testimony and criminal record, the Magistrate Judge correctly determined Moore was not a credible witness (Id.).

Second, Respondent agrees with the Magistrate Judge's determination that Petitioner has not shown that, even if there were suppressed evidence, that the evidence is material under Brady or Youngblood/Trombetta(Id.).  Further, Respondent argues that Youngblood and Trombetta are inapplicable because Petitioner has not shown that the State destroyed evidence before trial (Id.).

Under Brady v. Maryland, 373 U.S. 83, 87 (1963), the government has a due process obligation to disclose to the defendant its knowledge of material evidence favorable to the defendant.  To establish a violation of Brady, the petitioner has the burden of demonstrating that (1) the prosecution suppressed evidence, (2) the evidence is favorable to the accused, and (3) the suppressed evidence is material to guilt or punishment. Moore v. Illinois, 408 U.S. 786, 794-95 (1972); Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000).

Evidence is "material" within the meaning of Brady, only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. See United States v. Bagley, 473 U.S. 667 (1985). "A 'reasonable probability' is a probability sufficient to

undermine confidence in the outcome" of the trial. Bagley, 473 U.S. at 682. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10 (1976). This standard for determining materiality focuses on the defendant's guilt or innocence. United States v. Phillip, 948 F.2d 241, 249 (6th Cir. 1991). There is no Brady violation if at the time of trial, the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source. Coe v. Bell, 161 F.3d 320, 344 (6th Cir. 1998); Byrd v. Collins, 209 F.3d 486, 517 (6th Cir. 2000); Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000).

Additionally, the United States Supreme Court has held that a defendant's due process rights are violated when the state either fails to preserve materially exculpatory evidence or, in bad faith, fails to preserve potentially useful evidence. Arizona v. Youngblood, 488 U.S. 51(1988). The constitutional duty of the States to preserve evidence is limited to evidence that might be expected to play a role in the suspect's defense. To meet this standard of constitutional materiality, the evidence must possess an exculpatory value that was apparent before it was destroyed, and must also be of such a nature that the defendant would be unable to

obtain comparable evidence by other reasonably available means. <u>California v. Trombetta</u>, 467 U.S. 479, 488-89 (1984).

The Court finds Petitioner's main objection, that the allegedly suppressed evidence was in fact material, for which he offers supporting case law, to be without merit. The Court agrees with the Magistrate Judge's recommendation, and finds that irrespective of whether written statements were made, Petitioner has failed to prove that any suppressed statements are material within the meaning of <u>Brady</u> and <u>Youngblood/Trombetta</u>. First, the Court finds that the allegedly undisclosed evidence is not material under <u>Brady</u>, because it is highly unlikely that the result of Petitioner's trial would have been different if the allegedly withheld statements of Martin and Moore were disclosed to the police. As the Magistrate Judge in the first Report and Recommendation reasoned:

> The victims independently identified petitioner in a photo array which was provided to them almost immediately after the shooting and which was not challenged by the defense as suggestive. (Doc. 7, Tr. 149, 170, 185). There was no testimony at trial suggesting that the victims had any motive to frame petitioner for this crime. Both petitioner and the victims testified that they did not know each other. (Doc. 6, Tr. 132; Doc. 7, Tr. 164; Doc. 8, Tr. 349).
>
> Police Officer Bailey who pursued petitioner in a high speed chase after the shooting based on a report of the license plate, testified that he saw petitioner driving the car. (Doc. 8, Tr. 309). When the car was finally located during the early morning hours petitioner was

> found standing behind a tree near it. (Doc. 8, Tr. 361-362).
>
> Petitioner's statements to police upon his arrest were also incriminating, because they placed him at the scene. Officer H[u]ffman testified that petitioner had stated to him that he picked up Dave and while riding around they spotted two individuals who had robbed them. (Doc. 7, 265). Dave indicated that he would take care of them and then shot them. (Id.) On the stand, petitioner conceded that he told police that he picked up Dave (Doc. 8, Tr. 365), but explained that he was lying at the time (Id., Tr. 369). He denied making the other statements. (Id., Tr. 369-370).
>
> Petitioner's attempt to bribe [one of the victims, Kevin Davis,] not to testify (Doc. 7, Tr. 175) was further evidence of guilt.

(doc. 19, pp. 10-11).

Second, it is clear that the information Martin and Moore disclosed in their oral statements was disclosed to the jury, which nevertheless found Petitioner guilty on six of seven charges (doc. 47). Thus, because comparable evidence was available to the defense, any written statements are not material under Trombetta. Additionally, the Court finds that Petitioner has put forth no evidence, nor cited any case law, suggesting that Respondent violated Youngblood/Trombetta by failing to preserve potentially exculpatory evidence in bad faith.[1] Ultimately, the Court finds

---

[1] Although the police record was destroyed five years after Petitioner's trial, in accordance with departmental policy, as the Magistrate Judge noted, neither Youngblood nor Trombetta apply to a case, such as this, where a police report is destroyed five years after a trial, pursuant to police policy (doc. 47).

the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

**III. Conclusion**

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 6).  Therefore, the claim alleged in Ground One of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is DENIED.

However, a certificate of appealability is ISSUED with respect to the claim alleged in Ground One of the petition because reasonable jurists could debate whether the claim should have been resolved in a different manner or that the issues presented are "adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 323-324 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)).  Additionally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith" and, therefore, GRANTS Petitioner leave to proceed on appeal <u>in forma pauperis</u> upon a showing of financial necessity. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 28, 2008        <u>/s/ S. Arthur Spiegel</u>
                                S. Arthur Spiegel
                                United States Senior District Judge