UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Frederick Hall,
    Petitioner

vs                               Case No. 1:02cv34
                                   (Spiegel, S.J.; Black, M.J.)

Timothy Brunsman,[1]
    Respondent

---

**ORDER**

---

On February 29, 2008, a final Order and Judgment were entered adopting the undersigned United States Magistrate Judge's Supplemental Report and Recommendation after evidentiary hearing to deny with prejudice petitioner's remaining claim for relief alleged in Ground One of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (*See* Docs. 47, 55, 56).[2]

---

[1] In the petition, petitioner properly named as respondent Harry K. Russell, who was then Warden of Lebanon Correctional Institution (LeCI), where petitioner is incarcerated. In an Order issued May 1, 2007, the caption of the case was changed to reflect that the proper party respondent was Ernie Moore, because he had replaced Harry Russell as LeCI's Warden. (Doc. 43). It now appears that Timothy Brunsman has replaced Ernie Moore as LeCI's Warden. Because Timothy Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed yet again to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] In the petition, petitioner alleged three grounds for relief. On March 23, 2004, a Report and Recommendation was issued by a visiting United States Magistrate Judge rejecting each of petitioner's claims. (Doc. 19). In an Order entered October 11, 2005, the District Court upheld the Report and Recommendation to the extent that there was "no basis for the second or third grounds for relief in Petitioner's petition." (Doc. 22, p. 4 n.1; *see also* Doc. 55, pp. 1-2). The Court, however, rejected the Report and Recommendation pertaining to petitioner's first ground for relief, and remanded the matter for evidentiary hearing on that claim. (Doc. 22, pp. 8-9; *see also* Doc. 26).

In the final Order and Judgment entered February 29, 2008, the Court issued a certificate of appealability with respect to the claim alleged in Ground One of the petition. (Doc. 55, p. 10; Doc. 56). The Court also certified pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would be taken in "good faith" and, therefore, granted petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. (*Id.*).

On March 31, 2008, petitioner filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. (Doc. 57). This matter is now before this Court for ruling on petitioner's motion for leave to proceed on appeal *in forma pauperis* filed the same date. (Doc. 58).

In the motion, petitioner refers to his previously-submitted financial affidavit, which was attached to a motion filed October 25, 2007 wherein it was requested that the Clerk of Court provide petitioner with a copy of the transcripts of the evidentiary hearing held in this case. (*See* Docs. 48, 58). The District Court granted petitioner's October 25, 2007 motion that same date, based on its finding that petitioner was "indigent." (Doc. 49). However, the Court is concerned that at this juncture, petitioner's financial affidavit, which was completed over a year ago in March 2007, is out-dated.[3] In order for the Court to determine whether or not petitioner at this time has sufficient funds in his prison account to proceed on appeal, petitioner must resubmit a financial affidavit reflecting his current financial status from the past six months by completing the enclosed application and affidavit and having his institution of incarceration complete the certification portion of the application.

Accordingly, petitioner is hereby **ORDERED** to complete and file within fifteen (15) days of the date of filing of this Order the enclosed application to proceed *in forma pauperis*. Petitioner is **NOTIFIED** that if he fails to submit the application as ordered herein, his appeal may be dismissed for lack of prosecution.

It is hereby **FURTHER ORDERED** that petitioner's motion for leave to proceed on appeal *in forma pauperis* (Doc. 58) is **STAYED** until petitioner has

---

[3]Specifically, the certification portion of the affidavit to be completed and signed by the prison cashier was dated March 5, 2007; petitioner signed the personal financial affidavit portion on March 7, 2007. (*See* Doc. 48, attached "Application And Affidavit By Incarcerated Person To Proceed Without Prepayment Of Fees").

submitted an updated *in forma pauperis* application as ordered herein.

**IT IS SO ORDERED.**


Date:  4/2/08                       s/Timothy S. Black
       cbc                          Timothy S. Black
                                    United States Magistrate Judge


J:\BRYANCC\2008 habeas orders\02-34order.moreinfo-IFPappeal.wpd